IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **JOHN DENNIS BELL,** <br> 5360 King Arthur Circle <br> Rosedale, MD 21237 | * <br><br> * | |
| *Plaintiff,* | * | CIVIL CASE NO.:_____ |
| v. | * | |
| **IKEA US RETAIL, LLC** <br> 420 Alan Wood Road <br> Conshohocken, PA 19428 <br>   Serve: The Corporation Trust, <br>             Incorporated <br>         2405 York Road <br>         Suite 201 <br>         Lutherville Timonium, MD 21093-2264 | * <br><br> * <br><br><br><br> * | |
| *Defendant.* | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## COMPLAINT

Plaintiff John Dennis Bell ("Mr. Bell") through counsel makes this Complaint against his former employer, IKEA US Retail, LLC ("IKEA"), for race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e ("Title VII"). Mr. Bell seeks declaratory and injunctive relief, awards of compensatory and punitive damages, and an award of attorneys' fees and costs.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §1331 in that this action asserts violations of rights secured by the laws of the United States.

1

2.      Venue is proper in this Court in accordance with 28 U.S.C. § 1391(b), as the events giving rise to the claim occurred in the District of Maryland, and there is no other district in which this action may be brought.

3.      Prior to bringing this action, Mr. Bell timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race discrimination. The EEOC issued a Notice of Right to Sue dated August 18, 2022, a copy of which is attached as **Exhibit A**. He files this suit within ninety (90) days of the issuance of the Notice.

## PARTIES

4.      Mr. Bell is a resident of Baltimore County, Maryland.  Mr. Bell is Caucasian

5.      IKEA is a Limited Liability Company, registered to do business in the State of Maryland, at which Mr. Bell was employed during the events giving rise to this case.

## FACTS COMMON TO ALL COUNTS

6.      Mr. Bell went to work for IKEA in 2006 in an entry level position, and was promoted to Facilities Manager. In that capacity, he was an exemplary employee, was never disciplined and never received a poor evaluation.

7.      However, in 2020, his new supervisor, Andrea Wise (African American), initiated a pattern of excluding Mr. Bell from meetings, refusing to coach, counsel or confer with him, and virtually ignoring him. This pattern of exclusionary behavior was highly detrimental to Mr. Bell, as it prevented him from learning about management expectations, new policies, protocols and techniques, and other information necessary for his successful job performance.

8.      Ms. Wise pursued her exclusionary conduct toward Mr. Bell out of a racial animus, and treated African American employees significantly better. With African American employees, unlike with Mr. Bell, Ms. Wise was open, forthcoming and collegial, enabling them to prosper and fulfill their job functions.

9.      Eventually, Mr. Bell complained in writing to his supervisors about Ms. Wise's discriminatory conduct. Mr. Bell's supervisors took no corrective action. Meanwhile, Ms. Wise learned of Mr. Bell's complaint, and intensified her hazing of Mr. Bell.

10.     In retaliation for his complaint, Ms. Wise gave Mr. Bell his first poor evaluation, in October 2020. Mr. Bell refused to accept his poor evaluation and protested in vain to Ms. Wise and to her superiors.

11.     Mr. Bell learned while on leave in June 2021 that problems had developed in his absence with a plumbing leak and a broken door lock. These matters were squarely within the jurisdiction of an African American co-worker, who did not address them.

12.     When Mr. Bell returned from leave, he was abruptly terminated for failing to fix the lock and for ostensibly creating or perpetuating the leak. Mr. Bell's African American co-workers who are actually responsible for these failures were not disciplined in any way. Indeed, the problems continued for at least a month following Mr. Bell's termination, and, again, no further disciplinary actions were taken.

13.     IKEA's conduct toward Mr. Bell, and through the person of his supervisor, Ms. Wise, was racially discriminatory and, following his complaints, retaliatory. Mr. Bell's complaints of discrimination were well-founded but in any event were objectively reasonable, and therefore protected against retribution.

14. As a result of his unlawful termination, Mr. Bell has suffered economic damages in the form of lost wages and unemployment benefits, as well as severe emotional distress accompanied by physical symptoms, and damage to his character and standing in the community.

## CAUSES OF ACTION

## COUNT I

## RACE DISCRIMINATION UNDER TITLE VII

15. The facts alleged above are incorporated herein by reference.

16. IKEA's decision to fire Mr. Bell was discriminatory, based on his race.

**WHEREUPON**, Mr. Bell respectfully requests this Honorable Court grant the following relief:

A. Enter a judgment in favor of Mr. Bell and against IKEA for compensatory and punitive damages;

B. Enter a declaratory judgment holding that IKEA violated Mr. Bell's rights under the laws of the United States;

C. Enter an injunction compelling IKEA to reinstate Mr. Bell to his former position, and prohibiting IKEA from further discrimination or retaliation against Mr. Bell, or, in the alternative, compelling

IKEA to pay Mr. Bell front-pay;

D. Assess reasonable attorneys' fees and costs of suit in favor of Mr. Bell and against IKEA; and

E.      Grant Mr. Bell such other and further relief as the nature of his cause may warrant.

## COUNT II
## RETALIATION UNDER TITLE VII

17.      The facts alleged above are incorporated herein by reference.

18.      IKEA's decision to fire Mr. Bell was retaliatory, based on his having made objectively reasonable complaints of Civil Rights violations.

**WHEREUPON**, Mr. Bell respectfully requests this Honorable Court grant the following relief:

A.      Enter a judgment in favor of Mr. Bell against IKEA for compensatory and punitive damages;

B.      Enter a declaratory judgment holding that IKEA violated Mr. Bell's rights under the laws of the United States;

C.      Enter an injunction compelling IKEA to reinstate Mr. Bell to his former position, and prohibiting IKEA from further discrimination or retaliation against Mr. Bell, or, in the alternative, compelling IKEA to pay Mr. Bell front-pay;

D.      Assess reasonable attorneys' fees and costs of suit in favor of Mr. Bell and against IKEA; and

E.      Grant Mr. Bell such other and further relief as the nature of his cause may warrant.

_____
ROBIN R. COCKEY, Federal Bar No.02657
ASHLEY A. BOSCHÉ, Federal Bar No. 28800
Cockey, Brennan & Maloney, PC
313 Lemmon Hill Lane
Salisbury, MD 21801
410-546-1750
Fax: 410-546-1811
rrcesq@cbmlawfirm.com
bosche@cbmlawfirm.com
*Attorneys for Plaintiff*